THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RENEE BANGERTER, | ) | Case No. 2:11CV00294 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| CRISTIE ROACH, and DOES 1-50, | ) | MEMORANDUM DECISION AND ORDER |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**I. INTRODUCTION**

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983. Named as defendants are Cristie Roach, an employee of the Office of Guardian Ad Litem, and Does 1-50. In vague and conclusory fashion, Plaintiff generally alleges that Defendant Roach, acting under color of law,

> illegally obtain[ed] her position as the attorney for [Plaintiff's] three minor children, ignor[ed] the neglect and evidence of mistreatment of the minor children ... and utilizes her position as the attorney of the remaining two children to aid a private attorney in mounting a case for custody through coordinated efforts to mislead, ignore and manipulate to achieve her and the other attorney's desired outcome.

Compl. at ¶¶ 39-40.

Defendant Roach moves to dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. STANDARD OF REVIEW

In *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court changed the way a motion to dismiss is analyzed. Previously, a complaint was sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). After *Twombly* the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Twombly*, 127 S. Ct. at 1965. The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); *Swanson v. Bixler*, 750 F.2d 810 (10th Cir. 1984).

### III. DISCUSSION

**A. Acting "under color of state law".**

In order to prevail in a Section 1983 action, a plaintiff must show that she was injured as a result of state action. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Private conduct, "no matter how discriminatory or wrongful," may not be redressed by a § 1983 claim. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Defendant Roach asserts that she cannot be sued for alleged Constitutional violations under Section 1983 because in her role as guardian ad litem, she is not a state actor. *See Hennelly v. Flor De Maria Oliva*, 237 Fed. Appx. 318, 320 (10th Cir. 2007), *cert. denied*, 552 U.S. 1106 (2008) (quoting *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) ("guardians *ad litem* are not state actors for purposes of § 1983, because they give their 'undivided loyalty to the minor, not the state'"). "It is the requirement that the guardian ad litem must exercise independent, professional judgment that is crucial to the determination of whether a guardian ad litem acts under color of state law and is therefore a person liable under § 1983. We hold that a guardian ad litem is not acting under color of state law for purposes of § 1983." *Meeker*, 782 F. 2d at 155.

Plaintiff counters that she "is not seeking damages for Defendant Roach's plethora of misconduct as the guardian ad litem that resulted in physical and emotional harm to her children ...

3

[but] alleges that Defendant Roach subverted the appointment process to gain her position as the guardian ad litem for Plaintiff's three children with the express intent of rigging the outcome of a custody battle." Opp'n Mem. at 3-4. Based on these assertions, Plaintiff requests that the Motion to Dismiss be denied. *Id*. at 4.

A careful review of the Complaint fails to reveal any factual allegations that support Plaintiff's conclusory assertions, or to otherwise suggest plausible grounds that Defendant Roach was not exercising independent professional judgment in her conduct relative to the minor children thereby making her an agent of the state. Allegations in the Complaint that Defendant Roach violated Section 1983 prior to her appointment as the minor children's guardian ad litem, and that she somehow illegally obtained that position, are mere conclusions unsupported by any factual allegations. As such they are insufficient to support Plaintiff's position.

Plaintiff urges that, rather than make a blanket conclusion that Defendant is entitled to absolute immunity, courts should examine the nexus of the task performed and the judicial process. "Defendant Roach's deceit and self appointment as guardian ad litem is not entitled to absolute immunity because it occurred before any function that could be closely labeled a 'judicial act'. Plaintiff inferences within her complaint are that Defendant Roach's conduct lacked any judicial nexus whatsoever." Opp'n Mem. at 3.

If Defendant Roach had acted under color of state law, a discussion of whether she, nevertheless, was entitled to quasi-judicial immunity would appear appropriate. However, after reviewing the well pleaded allegations of the Complaint, such an inquiry is unwarranted. On its face the Complaint is directed at claims related to Defendant's appointment and subsequent actions as guardian ad litem. See Compl. at ¶¶ 17-19. No well pleaded allegations suggest otherwise.

As noted, guardians ad litem are not state actors for purposes of Section 1983. As a consequence, therefore, Defendant Roach is not susceptible to liability under that provision. Because Plaintiff pleads that both of her claims are actionable under Section 1983, her Complaint fails to state a claim against Defendant Roach upon which relief can be granted.

Having concluded that the Complaint fails to state a claim under Section 1983, the Court need not, and does not, address Defendant's other arguments.

Finally, Plaintiff's suggestion that at a minimum she should be allowed to amend her Complaint to plead unspecified state and common law claims is rejected. As with her Section 1983 claims, she offers nothing more than general conclusions devoid of supporting factual allegations as support for her request that she be granted leave to amend. While leave to amend should be freely given when justice requires, a plaintiff seeking to amend a complaint "must

5

give adequate notice to the district court and to the opposing party of the basis of the proposed amendment." *Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th cir. 1999). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009).

### III.  CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Doc. # 4) is granted and Plaintiff's Complaint is ordered dismissed with prejudice.

DATED this 31st day of May, 2011.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT